Per Curiam.
The defendant’s liability to answer to the plaintiff must rest upon some violation of duty that was created by the relation of carrier and passenger, or upon a breach of some implied agreement in the contract that established that relation. The complaint avers that the defendants agreed “to furnish and provide her, the plaintiff, with all means and appliances for her safety and comfort throughout said passage . . including among other means, a good, competent and skillful physician and surgeon, to properly attend to and care for her in the event of sickness or accident,” and the case necessarily is confined to an obligation to furnish surgical and not medical aid. There is, in respect of seamen, an obligation in the law merchant to furnish certain kinds of medical aid, but not surgical aid. The law has not, as matter of fact, made the contract between a carrier and passenger to imply that the passenger shall be furnished with surgical help for the result of an accident; that is, there is no such implication in the contract itself. If there were, it would exist, if only one or only a few were to be taken in the steamer. The creation of the implication must then depend upon the character of the circumstances which will surround the passenger during his voyage. In the present case the duty is said to exist in view of the great number of passengers that the ship carried and was meant to carry. This fact *471 gave rise to a probability that a certain proportion of the individuals composing the great number would be sick or meet with accidents. The probability does not designate which of the individuals will suffer. When the plaintiff bought her ticket, and went on board, the risk of accident to herself was not increased by the fact that one thousand more made the. voyage. She and the owners contracted concerning herself individually and not concerning the oth ers. ■ The obhgation to regard the probability that some undesignated individuals, out of a large number, would need surgical aid, is of a moral nature which does not become of legal force, until the law-makers make a positive command concerning it.
The complaint also places the claim upon averments that the defendants by employing a ship-surgeon and having him there to attend upon passengers needing his help, represented that the surgeon was “fully competent to render proper services in such case, and that said person was not a skillful or competent surgeon or physician as defendants then and there well knew.” If an action of this Idnd might he under some circumstances, it would not he in this case without an allegation of intentional misstatement or misrepresentation sustained by proof. 1ST 0 proof of the kind was given.
There was also a suggestion that the surgeon was the servant of the defendants, and they were liable for his negligence. This is inadmissible, because, for the reasons that have been given, the surgeon’s act did not cover the performance of any obhgation of the defendant to the plaintiff. If there had been no surgeon at ah, the plaintiff would have suffered to an extreme degree, and with a risk to her life or health, that the testimony does not describe. The defendant, not in the performance of an obhgation, but voluntarily places the surgeon on board, and the plaintiff voluntarily calls upon him for his services of the kind they were in fact.
The direction of the learned judge below was correct, for the reasons given by him.
Judgment affirmed, with costs.